IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AET, INC. LTD. and<br>AET OFFSHORE SERVICES, INC.<br><br>*Plaintiffs*,<br><br>v.<br><br>TALMAY TRADING INC. and<br>REPUBLIC OF IRAQ<br><br>*Defendants*. | § § § § § § § § § § § | C.A. NO. _____<br>ADMIRALTY 9(h) |

## PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, AET, INC. LTD and AET OFFSHORE SERVICES, INC., file their Complaint for Declaratory Judgment against TALMAY TRADING INC. and the REPUBLIC OF IRAQ, and respectfully would show as follows:

### I.
### JURISDICTION AND VENUE

1. This Court has jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a)(2) and (3). Further, this Court has admiralty jurisdiction under 28 U.S.C. § 1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court also has pendent jurisdiction under the Texas Interpleader Statute, TEX. BUS. & COMM. CODE § 7.603.

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to this action occurred, or a substantial part of the property that is the subject of this action is situated within this District.

## II.
### PARTIES AND SERVICE OF SUMMONS

3. Plaintiff, AET, Inc. Ltd., is an entity organized and existing under the laws of a foreign state with its principal place of business in Kuala Lumpur, Malaysia.

4. Plaintiff, AET Offshore Services, Inc. is a corporation formed and existing under the laws of the State of Texas with its registered office in Dallas, Texas.

5. Defendant, Talmay Trading Inc. is entity organized and existing under the laws of the British Virgin Islands. It will be served with process in accordance with the Hague Convention on the Service of Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

6. The Republic of Iraq is a "foreign state" as that term is defined in 28 U.S.C. § 1605 and will be served in accordance with the Foreign Sovereign Immunities Act.

## III.
### FACTUAL BACKGROUND

7. This declaratory action involves a shipment of approximately one million barrels of crude oil. In or about May 2014, the M.T. UNITED KALAVRVTA loaded the crude in Ceyhan, Turkey for transportation to the United States. On information and belief, the UNITED KALAVRVTA has arrived at the Galveston, Texas Lightering Area where the crude is expected to be lightered to one or more vessels for shore-side delivery.

8. Plaintiff, AET, Inc. Ltd., has entered into a lightering contract with Defendant, Talmay, to provide lightering services, including the vessel(s) which will undertake final delivery of the crude to shore. (*See* Exhibit "A"). However, at present, AET has yet to receive its orders/instructions for the lightering or delivery of the crude.

3.

9.      As the UNITED KALAVRVTA was underway from Turkey, AET received notice from counsel representing the interests of the Republic of Iraq. The notice set forth the Republic of Iraq's contentions that the crude aboard the UNITED KALAVRVTA was its property; that the crude was wrongfully and illegally loaded aboard the UNITED KALAVRVTA; and that the possessor of the crude was in receipt of stolen property. (*See* Exhibit "B").

10.     At this time, the crude remains onboard the UNITED KALAVRVTA. However, as indicated above, AET presently is under contract to take possession of the crude under its lightering contract with Talmay for delivery to shore-based facilities in the United States.

## IV.
### COMPLAINT FOR DECLARATORY JUDGMENT

11.     Plaintiffs request that this Honorable Court declare the rights, liabilities and other legal relationships arising from the claims asserted by the Republic of Iraq, as well as AET's obligations under its lightering contract.

12.     To the extent that AET comes into receipt and/or possesses the subject crude, Plaintiffs respectfully request that this Court determine the conflicting claims between the Republic of Iraq and any buyer or other claimant to the crude, in the exercise of its pendent jurisdiction under the Texas Interpleader Statute. Section 7.603 of the TEXAS BUS. & COMM. CODE provides that if more than one person claims title to or possession of the goods, the bailee has a reasonable time to ascertain the validity of the adverse claims or to commence an action for interpleader. As the Republic of Iraq has put AET on notice of its claim to title and/or possession of the crude at issue, AET requests that this Court determine the validity of that claim.

13. Plaintiffs further request that this Court provide them with all other relief to which they may show themselves justly entitled to receive under the law including, but not limited to an award of the reasonable and necessary attorneys' fees incurred in prosecuting and obtaining the relief requested in this action.

## PRAYER FOR RELIEF

For these reasons Plaintiffs pray that this Honorable Court (1) require that the named Defendants appear and answer this Complaint; (2) enter a declaratory judgment determining the rights, liabilities and other legal relationships arising from the claims asserted by the Republic of Iraq as well as AET's obligations under its lightering contract; (3) determine the conflicting claims between the Republic of Iraq and any buyer or other claimant to the crude, in the exercise of its pendent jurisdiction under the Texas Interpleader Statute; (4) enter an award in Plaintiffs' favor for their reasonable and necessary attorneys' fees and costs under the controlling substantive law; and (5) award Plaintiffs all other and further relief, at law, in equity, or in admiralty, that Plaintiffs may show themselves justly entitled to receive.

Respectfully submitted,

/s/ William A. Durham
William A. Durham
State Bar No. 06281800
Fed. ID No. 4172
James T. Bailey
State Bar No. 24031711
Fed. ID No. 30347
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, TX 77002
(713) 225-0905 – Telephone
(713) 225-2907 – Fax
durham@easthamlaw.com – Email
bailey@easthamlaw.com - Email
*Attorneys for Plaintiffs,*
*AET Inc. Ltd. and AET Offshore Services, Inc.*

OF COUNSEL:
EASTHAM, WATSON, DALE & FORNEY, L.L.P.