IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AET, INC. LTD. and<br>AET OFFSHORE SERVICES, INC.<br><br>*Plaintiffs,*<br><br>v.<br><br>TALMAY TRADING INC. and<br>REPUBLIC OF IRAQ<br><br>*Defendants.* | § § § § § § § § § § § § | C.A. NO. 14-cv-02149<br>ADMIRALTY 9(h) |

## **PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiffs, AET, INC. LTD and AET OFFSHORE SERVICES, INC., file their Emergency Motion for a Temporary Restraining Order against TALMAY TRADING INC. and the REPUBLIC OF IRAQ, and respectfully would show as follows:

### I.
### INTRODUCTION

1.  Plaintiffs are AET, Inc. Ltd. and AET Offshore Services, Inc. Defendants are Talmay Trading Inc. and the Republic of Iraq.

2.  On July 28, 2014, Plaintiffs filed their Complaint for Declaratory Judgment against Defendants regarding a shipment of approximately one million barrels of crude oil. (*See* Docket Entry No. 1.)

3.  In or about May 2014, the M.T. UNITED KALAVRVTA loaded the crude in Ceyhan, Turkey for transportation to the United States. On information and belief, the UNITED KALAVRVTA has arrived at the Galveston, Texas Lightering Area where the crude is expected to be lightered to one or more vessels for shore-side delivery. (*See* Exhibit "A," Affidavit of Mark Elleneger, attached and incorporated herein.)

22542: 4PCLH7156.WAD

4. Plaintiff, AET, Inc. Ltd., has entered into a lightering contract with Defendant, Talmay, to provide lightering services, including the vessel(s) which will undertake final delivery of the crude to shore. (*See* Exhibit "A;" Exhibit "B," Tanker Voyage Charter Party, attached and incorporated herein.) However, at present, while the U.S. Coast Guard has cleared the UNITED KALAVRVTA for lightering operations, AET has yet to receive its orders/instructions for the lightering or delivery of the crude. (*See* Exhibit "A.")

5. As the UNITED KALAVRVTA was underway from Turkey, AET received notice from counsel representing the interests of the Republic of Iraq. The notice set forth the Republic of Iraq's contentions that the crude aboard the UNITED KALAVRVTA was its property; that the crude was wrongfully and illegally loaded aboard the UNITED KALAVRVTA; and that the possessor of the crude was in receipt of stolen property. (*See* Exhibit "A"; Exhibit "C," Notice of Counsel, attached and incorporated herein.).

10. At this time, the crude remains onboard the UNITED KALAVRVTA. However, as indicated above, AET presently is under contract to take possession of the crude under its lightering contract with Talmay for delivery to shore-based facilities in the United States. (*See* Exhibit "A.")

11. Plaintiffs seek a temporary order from this Court restraining AET from taking possession of the disputed cargo under its lightering contract before the rights, liabilities and other legal relationships concerning the lawful ownership of the crude is determined.

## II.
### ARGUMENT

12. Plaintiffs will suffer immediate and irreparable injury if they are required to take possession of cargo that allegedly was procured unlawfully based on the claims asserted by Defendant, the Republic of Iraq. Further, Plaintiffs would be left with no adequate remedy at law. Specifically, if the claims and allegations asserted by the Republic of Iraq are proven

correct, then Plaintiffs would be forced into taking possession of allegedly stolen cargo which, itself, is a criminal offense under the U.S. Code. *See* 18 U.S.C § 2315. Further, from a commercial perspective, Plaintiffs' vessel(s) would be rendered little more than floating storage facilities until the disputes and claims over lawful ownership of the cargo are resolved.[1] This would prevent Plaintiffs' vessels from accepting other commercial engagements until the legal ownership of the crude is determined, which could take years.

13. Plaintiffs respectfully request that this Court restrain AET from taking possession of the disputed cargo until this Court determines the conflicting claims between the Republic of Iraq and any buyer or other claimant to the crude. As the Republic of Iraq has put AET on notice of its claim to title and/or possession of the crude at issue, AET requests that this Court determine the validity of that claim. There is a substantial likelihood that Plaintiffs will prevail in their declaratory action and the threatened harm to Plaintiffs far outweigh any potential harm that a temporary restraining order could inflict upon the Defendants.

14. Issuance of a temporary restraining order would not adversely affect the public interest and public policy. In fact, issuance of the order would promote the policy of the U.S. Government that companies neither take possession of nor purchase crude from the Kurdish Regional Government. Further, both domestic and international public interest and public policy would be served by having the rights, liabilities and other legal relationships concerning the lawful ownership of the crude determined in this declaratory proceeding in advance of Plaintiffs taking any possession of the disputed cargo.

---

[1] The cargo aboard the M.T. UNITED KALAVRVTA has generated international media attention in which the Republic of Iraq has publicly expressed its intention to sue any entity that purchases the Kurdish crude. (*See* http://america.aljazeera.com/articles/2014/7/25/kurdish-oil-controversy.html - last visited July 28, 2014). Further, the U.S. government has pressured companies and governments not to buy crude from the Kurdish Regional Government. (*See* http://www.reuters.com/article/2014/07/27/us-usa-iraq-kurdishoil-idUSKBN0FW0K020140727 (last visited July 28, 2014.)

15.     If this Court determines that a bond is appropriate, then Plaintiffs are willing to post one in an amount the Court deems fair and just.

16.     This Court should enter this temporary restraining order without notice to Defendants because Plaintiffs will suffer immediate and irreparable loss if the temporary restraining order is not granted before Defendants can be heard.[2] Formal notice and service is impossible given the timing of the potential lightering operation and the filing of this action. Plaintiffs will provide a copy of the motion to the Defendants through their known representatives.

17.     Plaintiffs respectfully request that this Court set this Emergency Motion for Temporary Restraining Order for oral hearing as soon as this Court's calendar will permit.

### PRAYER FOR RELIEF

For these reasons Plaintiffs pray that this Honorable Court issue a temporary order restraining AET from taking possession of the disputed cargo under its lightering contract before the rights, liabilities and other legal relationships concerning the lawful ownership of the crude is determined. Plaintiffs also request all other and further relief, at law, in equity, or in admiralty, that Plaintiffs may show themselves justly entitled to receive.

---

[2] Plaintiffs will represent to this Court that they have provided informal notice to Tamay and the Republic of Iraq by e-mailing their respective representatives a copy of the Complaint for Declaratory Judgment and this Emergency Motion for Temporary Restraining Order. However, formal service has not been perfected and neither Defendant has appeared in this action.

Respectfully submitted,

*/s/ William A. Durham*
William A. Durham
State Bar No. 06281800
Fed. ID No. 4172
James T. Bailey
State Bar No. 24031711
Fed. ID No. 30347
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, TX 77002
(713) 225-0905 – Telephone
(713) 225-2907 – Fax
durham@easthamlaw.com – Email
bailey@easthamlaw.com - Email
*Attorneys for Plaintiffs,*
*AET Inc. Ltd. and AET Offshore Services, Inc.*

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

### CERTIFICATE OF CONFERENCE

No parties have appeared and no conference is possible.

*/s/ William A. Durham*
William A. Durham

### CERTIFICATE OF SERVICE

Copies of this Emergency Motion for Temporary Restraining Order will be provided by e-mail to the known representatives of the Defendants.

*/s/ William A. Durham*
William A. Durham